**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff,           )<br>)<br>vs.                          )<br>)<br>MAURICE MABON,    )<br>)<br>Defendant.       )<br>) | CR No. 2:11-CR-20121-JPM-dkv |

**REPONSE TO OBJECTIONS AND POSITION PAPER
OF DEFENDANT MAURICE MABON**

Comes now the United States of America, by and through undersigned counsel, in response to defendant Maurice Mabon's Objections and Position Paper for sentencing.

**I.      Responses to Substantive Objections**

Taken in order, the United States responds to the Defendant's objections as follows:

   A.      *The Proper Base Offense Level is 30*

The operative Sentencing Guideline for child sex trafficking is §2G1.3.  It provides a variety of base offense levels based on the crime of conviction; §2G1.3(a)(2) identifies a base offense level of 30 if the defendant is convicted under 18 U.S.C. § 1591(b)(2), while §2G1.3(a)(4) sets the base offense level at 24 if the crime of conviction is other than one of the enumerated varieties of 18 U.S.C. §§ 1591, 2422, or 2423.

The conduct criminalized by the sex trafficking statute is set out in 18 U.S.C. § 1591(a); in essence it involves either making available or providing for a person knowing that the person will be caused to engage in a commercial sex act and knowing that the person is either a minor or subjected to force, fraud, or coercion, or benefitting financially from the same.  The statute

sets out two and only two penalties for a violation: a fifteen-year mandatory minimum and up to life in prison for the sex trafficking of a child under the age of 14 or sex trafficking by force, fraud, and coercion, with that penalty codified at 1591(b)(1), and a ten-year mandatory minimum and up to life in prison for the sex trafficking of a child between 14 and 18 years of age. Any conviction under 18 U.S.C. § 1591 will necessarily be a conviction under either § 1591(b)(1) or§ 1591(b)(2); no other scenario is possible.

In this case, the Defendant was convicted under 18 U.S.C. § 1591(b)(2). The Superseding Indictments charged him with sex trafficking a child under the age of 18 but made no mention of force, fraud, or coercion or of the victim being under the age of 14, and the penalty provision clearly identified the mandatory minimum of 10 years.

The Defendant argues that because the Indictment states that he violated § 1591(a), he should be subjected to the base offense level of 24 under §2G1.3. As seen above, however, any violation of § 1591(a) is necessarily a conviction under either § 1591(b)(1) or § 1591(b)(2). It is clear from the face of the Second Superseding Indictment that the Defendant was charged with engaging in conduct that violated 18 U.S.C. § 1591(a) and that the statutory penalty for the charged conduct is established by 18 U.S.C. § 1591(b)(2). Therefore, the appropriate base offense level under §2G1.3(a)(2) is 30.

      B.    *The Defendant Unduly Influenced a Minor to Engage in Prohibited Sexual Conduct*

Sentencing Guideline §2G1.3(b)(2)(B) provides for a two-level enhancement if "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." The Defendant argues that this provision does not apply because "J.J., while a minor, was conscience

over actions for partaking in drugs and alcohol, and admittedly did so voluntarily while attempting to impress her cousin and other adults in their company."

There are two separate and sufficient grounds for imposing this enhancement. First, the Guideline specifically refers to "a participant" unduly influencing a minor; it does not refer to "the defendant" as other sections in the Guideline do. Therefore, the Guideline applies if *any* participant in the scheme unduly influenced the victim. And the Defendant concedes that "Ms. Lewis provided narcotics and alcohol to influence the decisions of J.J." Uncontradicted testimony at trial showed that the Defendant and his co-defendants all encouraged their young victim to pose for overtly sexual lingerie photos that the Defendant then posted online as part of an advertisement offering the juvenile for sex. Additional uncontroverted testimony at trial further established that when the advertisement drew interest from customers the Defendant and his co-defendants further encouraged their young victim to engage in prostitution activities. The young victim stated that her traffickers influenced her both through encouragement and praise and also through intimidation, as they were older armed gang members and she was a long way from home.

Separate and apart from that is the very specific testimony of the victim that the Defendant lured her into his bed when she was groggy and asleep on the couch, then woke her up a second time by raping her. In the course of that rape, the Defendant told his young victim that he had to try her out so he would know what to write in the ad. The uncontroverted proof is that the Defendant engaged in illegal sexual conduct to further his child sex trafficking scheme.

Since the evidence at trial made clear that a participant in the scheme unduly influenced a minor to engage in prohibited sexual conduct, the enhancement should apply.

      C.      *The Defendant Used a Computer to Entice, Encourage, Offer, and Solicit Customers to Engage in Prohibited Sexual Conduct with the Minor*

The Defendant objects to an additional 2 level enhancement under §2G1.3(b)(3)(B) for "use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." The Defendant argues that the plain language of the statute is narrowed by Application Note 4 to §2G1.3, which reads "Subsection (b)(3) is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." The Defendant claims that "[n]o proof has been presented at trial that Mr. Mabon used a computer to communicate directly with the minor J.J., or her parents."

The Defendant reads the Guideline far too narrowly; his interpretation is supported by neither the plain language of the Guideline nor the relevant Application Note. The Court repeatedly heard testimony and saw exhibits about the advertisement the Defendant posted to backpage.com. The clear and unambiguous purpose of that advertisement was to cause men to contact the Defendant's co-conspirator, Chauntta Lewis, for the purpose of arranging commercial sex acts with Chauntta Lewis and the young victim. That activity plainly constitutes using a computer and an interactive computer service to entice, encourage, offer, and solicit men to engage in prohibited sexual conduct with the minor. The sole point of the ad was to solicit such conduct. And the expected result of such enticement was to cause the minor victim to present herself for sexual activity. This was accomplished through communication with Chauntta Lewis, who had custody and control over the victim and whose phone number was listed in the backpage ad. And the Court will recall that both the victim and Chauntta Lewis

testified that when a customer did call in response to the ad looking to arrange a sexual encounter, the Defendant coached Lewis on what to say. He knew exactly what was happening and was the motive force behind making it happen.

There can be no reasonable dispute that the Defendant used a computer to entice, encourage, offer, and solicit men to pay for sex with his minor victim. The two-level enhancement should apply.

    D.    *The Defendant Raped his Minor Victim*

The Defendant next objects to a two-level enhancement under §2G1.3(b)(4)(A), which applies if the offense involved the commission of a sex act or sexual contact. The Defendant's motion denies any sexual contact with the victim. However, the testimony at trial from the victim was that Mabon told her he had to get off the couch and come sleep in his bedroom, and that after she fell asleep in his bed he awoke her by raping her. This is corroborated by the testimony of Chauntta Lewis, who saw a naked Maurice Mabon respond to her knock on his door in the morning while the young victim was in his bed. The Defendant's denials should not be taken seriously in light of the weight of the evidence to the contrary, his motive to lie, and the fact that he has never made such assertions except through his counsel. The enhancement for sexual contact should apply.

    E.    *The United States Concedes the Restraint of Victim Enhancement*

The Presentence Report includes a two-level enhancement for restraint of victim under §3A1.3. Assessment of this enhancement was based in large part on a self-serving pretrial statement of Chauntta Lewis included in the case file. Recent follow-up investigation with the victim in the case produced a conflicting account. The victim says the explicit guarding described by Lewis never happened. Because the United States is not convinced that the factual

predicate to the enhancement occurred, it does not contest the Defendant's objection to the enhancement and does not believe the enhancement should apply.

   F.  *The Defendant Supervised the Criminal Scheme*

  Next, the Defendant argues that he was the least active participant in the conspiracy, in the process gratuitously revisiting the failed argument that he did not "substantially disregard" his young victim's age. Sentencing Guideline §3B1.1 provides for offense level increases based on a defendant's role in the offense. Subsections (a) and (b) deal with offenses involving five or more participants or which are otherwise extensive; subsection (c) applies a two-level enhancement for any organizer, leader, manager, or supervisor in any activity not covered by the first two subsections. While an argument can be made that the offense in this case involved five or more participants – Mabon, Lester, Lewis, Aariona Harvey (who provided advice on how the victim should pose for the lingerie pictures), and the client who called to arrange a commercial sex act, plus the two other women Mabon advertised on Backpage who were part of the broader prostitution scheme Mabon ran – at the very least, Mabon qualifies for the two-level enhancement under §3B1.1(c).

  The uncontroverted testimony at trial made it clear that Maurice Mabon was exercising supervisory authority over the conspiracy; the most that can be inferred on his behalf is that Arieke Lester also exercised some supervisory authority. Both the victim and Chauntta Lewis testified that Maurice Mabon directed their activities and ran the prostitution scheme, from telling them how to pose while he took their pictures, to telling his victim where to sleep the night he harbored her in his house, to writing the ad using those pictures and posting it to Backpage from his computer, to procuring his sister's credit card and using it to pay for the ad, to telling Chauntta Lewis what to say when a client called in response to the ad, to directing

Chauntta Lewis to buy condoms on the way to the john's house and giving her money to do so, to telling the 15 year old victim to claim his handgun when the police pulled them over. Mabon's argument that Lewis and Lester "played a much more significant role in the overall offense and conspiracy" flies in the face of the facts adduced at trial.

Because Mabon exercised supervisory authority, the two-level enhancement applies.

      G.      *Guidelines Calculation*

The offense level in this case is appropriately calculated at 38 (all of the enhancements identified in the PSR except for the two-level enhancement for restraint of victim). This results in a sentencing range of 324-405 months for a defendant in criminal history category IV.

**II.**      **Application of Sentencing Factors**

Maurice Mabon states tepidly in his filing that "he recognizes that he maintained bad judgment." This minimization of his culpability aligns with his unsigned acceptance statement submitted to the Probation Office, in which he ignores entirely the core issue of child prostitution, elides his agency in the crime, and unconvincingly implies that he unknowingly possessed the ammunition that pervaded his bedroom. Mabon utterly fails to appreciate the severity of his conduct. He displays no indication of accountability.

Mabon took sexually provocative photographs of a lingerie-clad 15 year old and posted them on the internet in an effort to profit through her sexual commodification, raping his young victim in the process. That is not bad judgment, it is a depraved and despicable crime. Mabon's inability to recognize it as such speaks poorly of his prospects for rehabilitation. Mabon amassed a long criminal record in a short amount of time prior to these latest serious offenses. He has done nothing to instill any confidence that he will not revert to his old ways. Every

factor indicates that he will continue to pose a serious threat to the public as soon as he is given another opportunity to do so.

The sentence in this case could also have a significant deterrent effect. A lengthy sentence could protect other teenage girls from men who would seek to profit from their sexual exploitation. A long sentence will make would-be pimps think twice before they attempt to exploit the most vulnerable types of victims.

Anything less than a Guidelines sentence in this case would be insufficient to reflect the seriousness of the offense, to protect society, and to deter others from engaging in child sex trafficking.

    Respectfully submitted,

    EDWARD L. STANTON, III
    UNITED STATES ATTORNEY

By:    /s/ Jonathan T. Skrmetti
    JONATHAN T. SKRMETTI
    Assistant United States Attorney
    167 N. Main Building, Room 800
    Memphis, Tennessee 38103
    (#423712 Connecticut)
    (901) 544-4231

    ANDREW G. OOSTERBAAN
    Chief, Child Exploitation and Obscenity Section
    Criminal Division, U.S. Department of Justice

By:    /s/ Keith A. Becker
    Keith A. Becker
    Trial Attorney
    U.S. Department of Justice, Criminal Division
    Child Exploitation and Obscenity Section
    1400 New York Avenue, NW, Suite 600
    Washington, DC 20530
    Telephone: (202) 305-4104
    (#4287967, New York)

## CERTIFICATE OF SERVICE

    I, Jonathan T. Skrmetti, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing filing has been sent via the Court's electronic filing system to Taurus Bailey, counsel for the Defendant.

    This 12th day of July, 2012.

                                                     By:    /s/ Jonathan T. Skrmetti  
                                                              JONATHAN T. SKRMETTI  
                                                              Assistant United States Attorney  
                                                              167 N. Main Building, Room 800  
                                                              Memphis, Tennessee 38103  
                                                              (#423712 Connecticut)  
                                                              (901) 544-4231